UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


UNITED STATES OF AMERICA,          )
                                   )
v.                                 )  Criminal Nos.01-17 B-S, 04-72 P-S
                                   )
MICHAEL L. FORTIN,                 )
                Supervised Releasee )


ORDER OF DETENTION
.

        At Michael Fortin's request, a release hearing was held for the purpose of determining

whether he is eligible for release pending the revocation hearing.  Pursuant to Fed. R. Crim. P.

32.1(a)(6), the Supervised Releasee has the burden of establishing by clear and convincing

evidence that there are conditions or combinations of conditions which will reasonably assure

the safety of another person or the community and that there is no danger that he will flee.

Counsel presented no evidence, other that to propose that, in lieu of detention, his client should

be ordered to participate in an in-patient drug treatment program.  He did not proffer the name of

an institution that was willing to admit Fortin.  Counsel described the use of controlled drugs as

being the predominant cause for most of Fortin's criminal behavior and that, although he had

previously declined an invitation of the Probation Office to enter a treatment program, he was

now ready willing and prepared to do so.  Fortin spoke in his own behalf as well.

        This Supervised Releasee, who is only 25 years old, has a troubling and extended

criminal record, which includes convictions for theft, criminal trespass, stealing of firearms, the

possession of stolen firearms, and escape, from both state and federal custody.  Moreover, he has

1

violated conditions of release, both state and federal, multiple times.  Because of this history, the

Government opposes the drug treatment proposal, and any release in general.

Given the Fortin's criminal record and his pattern of non-compliance during his prior

terms on supervised release, I am satisfied that his proffer has not established by clear and

convincing evidence that his being released to a drug treatment facility will reasonably assure his

future appearances or the threat against community danger.  As I stated at the hearing, I believe

that no drug treatment program would be suitable in this case unless it is conducted in a secured,

locked-down facility and has the endorsement of the Probation Office. (The parties should

understand that it such treatment was ever to occur, at the completion of such program, Fortin

would remain in custody pending the disposition of mater).

Now therefore, it is further ORDERED that the Supervised Releasee be committed to the

custody of the Attorney General or his designated representative for confinement in a corrections

facility separate, to the extent practicable, from persons awaiting or serving sentences or being

held in custody pending appeal.  He shall be afforded a reasonable opportunity for private

consultation with defense counsel.  On order of a court of the United States or on request of an

attorney for the Government, the person in charge of the corrections facility shall deliver the

Supervised Releasee to the United States Marshal for the purpose of an appearance in connection

with a court proceeding.

*SO ORDERED.*

/s/ William S. Brownell
U.S. Magistrate Judge

Dated this 23rd day of October 23, 2006.